PHILIP A. MADAN, Respondent, v. ROBERT SHERARD, Jr., as President, etc., Appellant.

Where a traveler, on delivery of baggage to a local express company, receives a paper, which, from the circumstances of the transaction, he has a right to regard simply as a receipt or voucher, to enable him to follow and identify his property, and no notice is given to him that it embodies the terms of a special contract, or is intended to subserve any other purpose than as a voucher, his omission to read the paper is not *per se* negligence, and he is not, as matter of law, bound by its terms.

The question whether, in a particular case, the party receiving such a

receipt accepted it with notice of its contents, or with notice that it contained the terms of a special contract, so as to require him to acquaint himself with its contents, is one of evidence to be determined by the jury. Defendant's agent came into a railroad car, in which plaintiff was traveling, and called for baggage; he received the check for plaintiff's trunk with directions as to the delivery, and marked on a blank receipt the date, number of check, and place of delivery, which he handed to plaintiff, without anything being said as to its contents. The car was dimly lighted, so that plaintiff, where he was seated, could not have read the receipt; without looking at or reading it, he put in his pocket. The receipt was marked upon the margin "domestic bill of lading," and purported to be a contract relieving defendant from, or limiting its liability in certain specified cases, and among others limiting its liability, save in case of a special contract, to $100. The court refused to charge, as matter of law, that the delivery of the receipt created a contract for the carriage of the trunk under its terms, and limited defendant's liability to the amount specified, but submitted the question to the jury. *Held,* no error; that defendant, in order to relieve itself from full liability, was bound to establish a contract upon the special terms contained in the receipt; that no such contract arose, as matter of law, from the acceptance of the receipt under the circumstances.

(Argued April 3, 1878; decided April 16, 1878.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York, affirming a judgment in favor of plaintiff, entered upon a verdict. (Reported below, 10 J. & S., 353.)

This action was brought against plaintiff, as president of the New York Transfer Company, a company engaged as a common-carrier in the business of transferring baggage in the city of New York, to recover the value of a trunk and its contents, alleged to have been lost while in its hands. The answer alleged that the trunk was received by the company under a special contract, which, among other things, limited defendant's liability to $100.

The facts appear sufficiently in the opinion.

*Luke A. Lockwood,* for appellant. In the absence of fraud and imposition a common-carrier's receipt, or bill of lading, delivered to a shipper, when the property is delivered to the carrier, must be held to be the contract between the parties. (*Collender* v. *Dinsmore,* 55 N. Y., 200; *Magnin* v. *Dinsmore,*

56 id., 168; *Kirkland* v. *Dinsmore*, 62 id., 171.) No legal distinction exists between a common-carrier of merchandize and of baggage. (*Sloman* v. *G. W. R. Co.*, 67 N. Y., 208; 62 id., 169; *Blossom* v. *Dodd*, 43 id., 264.) Evidence as to whether plaintiff read the bill of lading was immaterial. (*Long* v. *N. Y. C. R. R. Co.*, 50 N. Y., 76; *Hinckley* v. *N. Y. C. and H. R. R. R. Co.*, 56 id., 432; *Bank of Ky.* v. *Adams Ex. Co.*, 93 U. S., 174; *Grace* v. *Adams*, 100 Mass., 560.)

*T. C. Campbell*, for respondent. When negligence is a mixed question of law and fact it is a question for the jury. (*Dunscom* v. *B. and S. L. R. R.*, 27 Barb., 221; *Stevens* v. *O. and S. R. R.*, 18 N. Y., 422; *Mackey* v. *N. Y. C. R. R.*, 27 Barb., 528; *Brooks* v. *B. and N. R. R.*, 1 Abb. Ct. App., 211; *Brendell* v. *B. and S. L. R. R.*, 27 Barb., 534, and notes.) Whether evidence is competent, and tends to establish a fact, is for the court; the weight and convincing force is for the jury. (*Tuttle* v. *Buck*, 41 Barb., 417; *Taylor* v. *Bryden*, 8 J. R., 173; *Carroll* v. *Upton*, 3 N. Y., 272; *Bartlett* v. *Robinson*, 39 id., 187; *Huston* v. *Young*, 4 Lans., 63; *Cross* v. *Beard*, 29 N. Y., 89; *Duffee* v. *Mason*, 8 Cow., 25; *Chapman* v. *March*, 19 J. R., 290; *Ludington* v. *Miller*, 6 Sup. Ct. Rep., 1; *Coleman* v. *Livingston*, 6 id., 36.) Defendant having failed to deliver the goods when called for he was bound to show they had been stolen, without his fault, and to show facts and circumstances to the jury that made out a case, which facts it was for the jury to pass upon. (*Platt* v. *Hubbard*, 7 Cow., 500; *Doorman* v. *Jenkins*, 2 Ad. & El., 256; *Burnell* v. *N. Y. C. R. R.*, 45 N. Y., 184; *Russell Manuf. Co.* v. *N. H. Steamboat Co.*, 50 id., 127; *Sherwin* v. *McKie*, 51 id., 180.)

ANDREWS, J. The circumstances under which the plaintiff received the receipt or paper alleged to be a contract are very similar to those in the case of *Blossom* v. *Dodd* (43 N. Y., 270). The defendant's agent came into the car in which the plaintiff was seated, called for baggage,

received the plaintiff's check for his trunk, and directions for its delivery, made an entry in pencil in his tally-book, marked on the receipt the date, the number of the check and the place of delivery of the trunk, handed it to the plaintiff and immediately passed on, nothing further being said to or by the plaintiff. The plaintiff folded the paper, and without looking at or reading it, put it in his pocket. The car was dimly lighted, and the plaintiff could not in the place where he was seated have read the receipt. He saw the agent writing on the paper, and supposed he was writing his address, and in answer to a question put on cross-examination, the plaintiff said that he knew the paper related to the carriage of his baggage.

The receipt is an exhibit in the case, and it purports to be a contract of very special character between the plaintiff and defendant for the carriage of the property represented by the check. It contains several hundred printed words, and acknowledges the receipt by the defendant of the trunk, "subject to this bill of lading," which in the margin is designated "domestic bill of lading," to be delivered in Forty-seventh street, New York, and then follows a declaration that it is mutually agreed that the defendant shall not be liable for "merchandize, money or jewelry, contained in baggage, nor for loss by fire, nor in case of loss or damage or detention by reason of negligence or otherwise, for an amount exceeding $100 upon any trunk, etc., including the contents thereof, unless specially agreed for in writing, and noted hereon, and the extra risk paid therefor."

There is a further provision that the company shall not be liable for baggage delivered to railroad, steamboat or steamship lines, after the same has been left at the usual place of delivery. And also, that it "shall not be liable for loss or damage unless the claim therefor be made in writing with this contract annexed, at their principal office, within thirty days after such loss or damage," and the paper concludes with the statement, "that the owner hereby agrees that the company shall only be liable as above."

This receipt differs in some respects from the one in *Blossom* v. *Dodd*. It is printed in larger type, and upon a larger piece of paper. The words " domestic bill of lading" were not in the receipt in the case of *Blossom* v. *Dodd*, nor did it contain in terms any exemption from liability in case of loss by negligence. The main difference in the general appearance of the two receipts is, that the one in this case can be more easily read ; and the fact that it was intended as a special contract would be more readily discovered on a casual observation.

The judge on the trial submitted it to the jury to find whether the plaintiff accepted the receipt as the contract between him and the defendant, in respect to the trunk ; and charged that, if it was presented to and received by him as the contract, he could not recover more than $100 ; but that, if the plaintiff did not know that it was proffered as a contract, and received it, not knowing its contents and supposing that it was given simply to enable him to trace his property, or as a mere receipt, then the plaintiff was not bound by its limitations. The learned judge subsequently qualified this part of his charge, by the statement that if the paper was handed to the plaintiff under such circumstances that he might have read it, and neglected to do so, he was bound by its contents. The defendant's counsel requested the court to instruct the jury, as matter of law, that the delivery of the receipt to the shipper, at the time of the receipt of the property, constituted a contract under the circumstances of the case, and that the plaintiff was limited in his recovery to $100. The court refused this instruction, and the defendant excepted. The jury rendered a vedict for the full value of the trunk and contents.

We are of the opinion that the charge made was as favorable to the defendant as he was entitled to. It is not denied that the defendant is liable for the full value of the trunk and its contents, unless the common law liability of the carrier has been modified by contract with the plaintiff. The defendant was, therefore, bound to estab.

lish, in order to relieve itself from liability for the full damages sustained by the plaintiff, that there was a contract between the parties for the carriage of the trunk, upon the special terms contained in the receipt. The decision in *Blossom* v. *Dodd* is an authority that no such contract arises in law from the acceptance of a receipt under the circumstances of this case. They do not justify the inference or implication that the plaintiff assented to be bound by the special contract contained in the receipt. There was no explanation of the contents of the paper ; no conversation indicating that the trunk was to be carried on special terms, and no opportunity afforded to the plaintiff to assent to or dissent from the alleged contract. To infer, under the circumstances, an assent on his part to a contract exempting the carrier absolutely from responsibility for loss in certain cases, and limiting his liability in any case to $100, including cases of loss by the carrier's own negligence, would be making an inference contrary to the natural import of the transaction. The plaintiff, on receiving the paper, had, from the nature and circumstances of the transaction, a right to regard it as designed, simply as a voucher to enable him to follow and identify his property ; and if he had no notice that it was intended to subserve any other purpose, or that it embodied the terms of a special contract, his omission to read it was not *per se* negligence.

When a contract is required to be in writing, and a party receives a paper as a contract, or when he knows or has reason to suppose that a paper delivered to him contains the terms of a special contract, he is bound to acquaint himself with its contents, and if he accepts and retains it, he will be bound by it, although he did not read it. But this rule cannot, for the reasons stated, be applied to this case, and the court properly refused to charge, as matter of law, that the delivery of the receipt created a contract for the carriage of the trunk, under its terms. The question whether, in a particular case, a party receiving such a receipt accepted it with notice of its contents, is one of evidence to be determined by the jury. The

fact of notice may be proved by direct or circumstantial evidence. . If circumstantial evidence is relied upon, the range of the testimony permissible can only be restricted at the point where the circumstances sought to be shown cease to have any relevancy to the inquiry. The fact that the receipt was printed in large type, and could be easily read; that it was received in the daytime, or when there was sufficient light to enable the traveler to read it; that he was acquainted with the methods of the business — these and other facts may be shown, not as conclusive against the recovery, but as bearing upon the ultimate fact to be proven, that the party, when he accepted the receipt, knew of its limitations, or that it contained special terms for the carriage of the property.

We think that no error was committed on the trial, and that the judgment should be affirmed.

All concur, except MILLER, J., absent.

Judgment affirmed.