Hannah Springer, Respondent, *v.* Robert E. Westcott, as President of the Westcott Express Company, Appellant.

*Injury to a trunk — liability of a baggage express company — effect of the limit of liability in the receipt — burden of proof as to the condition of the trunk — judge's charge.*

Upon the trial of an action brought to recover the value of the plaintiff's trunk and the contents thereof from an unincorporated association to which it was delivered for transportation, the plaintiff, in order to establish the contract of carriage, introduced in evidence the receipt given by the defendant for the trunk in question. This receipt, which was signed by the agent of the defendant at the time of the delivery to him of the check for the trunk, contained a limitation of liability, by reason of negligence or otherwise, to an amount not exceeding $100.

The counsel for the defendant asked the court to charge that "in no event can the plaintiff recover more than one hundred dollars," which request was refused and an exception was taken. The court charged the jury certain propositions which were inconsistent with such request, and no exception was taken to such portions of the charge.

*Held,* that under such circumstances the defendant had a right to insist upon his exception because of the refusal to charge, although he had not excepted to the charge, as made;

That as there was no attempt to recover against the defendant upon the ground of misfeasance, but simply for breach of contract, the request to charge was not too broad and should have been granted;

That when the plaintiff introduced the contract in evidence, for the purpose of establishing her case, she became liable to all the terms of the contract, and the defendant was entitled to the benefit thereof.

Upon the trial of the action it was shown that the husband of the plaintiff checked her trunk at Troy, and that it was then in good order. There was nothing suspicious in its appearance at the time it was received by the defendant, and when it was delivered at the plaintiff's house in New York by the express company it was covered with dirt, muddy, the lock broken, the straps hanging out, some of the compartments of the trunk had been taken out, and the trunk was almost empty. It further appeared that this was not the condition of the trunk when it was received by the transportation company.

The check for the trunk was delivered by the plaintiff to the agent of the express company on a railroad train outside the city of New York. The trunk was to be delivered by the express company at the plaintiff's residence in New York city.

The court refused to charge, at the defendant's request, that the burden of proof was upon the plaintiff to show the circumstances attending the transportation of the trunk from the Troy House to the station of the railroad company at Troy.

*Held,* that such refusal to charge was proper.

APPEAL by the defendant, Robert E. Westcott, as president of the Westcott Express Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 12th day of January, 1894, upon the verdict of a jury rendered after a trial at the New York Circuit, and also from an order made at the New York Circuit on the 13th day of December, 1893, denying the defendant's motion for a new trial.

*A. G. Fox,* for the appellant.

*B. F. Einstein,* for the respondent.

VAN BRUNT, P. J.:

This action was brought to recover the value of the plaintiff's trunk and the contents upon allegations in the complaint that the defendant was an unincorporated association, consisting of seven or more persons or associates, and that the defendant Westcott was the president thereof; that the business of said association was that of a common carrier of baggage for hire, and that it conducted the business commonly known as that of an express company in and about the city of New York, and that on the 14th day of September, 1889, the plaintiff caused to be delivered to said association, and said association received, her trunk and its contents at the Grand Central Depot in the city of New York, and then agreed to convey the same for a reasonable compensation to a place named in the city of New York and there deliver the same to the plaintiff; that the contents of said trunk consisted of baggage belonging to the plaintiff and were of the value of $2,000 and upward, and that the said association omitted to convey said contents and has never delivered the same to the plaintiff.

The defendants, by their answer, denied the allegation of receipt and failure to deliver, and alleged that the plaintiff promised and agreed with defendant that she should deliver to it her trunk containing her wearing apparel, such trunk and wearing apparel not to exceed in value $100, and that if said plaintiff would so deliver it to defendant the defendant would carry and deliver the same to the place named in the complaint, and that such agreement was upon the terms and conditions of a written contract annexed to the answer.

The defendant further alleged that the plaintiff failed to deliver said trunk to the defendant at said station or at any other place.

The plaintiff, to sustain the issues on her part, introduced evidence tending to show the value of the contents of the trunk and the delivery to the agent of the defendant upon a train of the New York Central railroad of a check which she had received from the railroad company at Troy; that at the time of the delivery of such check she received a receipt therefor, which receipt contained a limitation of liability to an amount not exceeding $100; and that several days after the trunk was delivered without any of its contents.

The issues of fact being submitted to the jury, they rendered a verdict in favor of the plaintiff; and from the judgment entered upon such verdict, and from an order denying a motion for a new trial, this appeal is taken.

Various grounds are urged as error upon the part of the court in the trial of the cause.

It is claimed upon the part of the appellant that there was no evidence to show that the defendant received the trunk on Saturday night; and furthermore that there was no evidence to show that the trunk was put upon the train at Troy; and, therefore, that the court erred in charging the jury that if the defendant received the trunk Saturday night then it was liable from Saturday night. From an examination of the evidence it will be seen that this objection is not well taken, and that the court was entirely correct in its assumption that the defendant did receive the trunk on Saturday night. John H. Green, the agent of the defendant who collected the checks upon the train, admitted the signature to the receipt and stated that he got the check. He further stated that he passed it into the Grand Central Depot upon the same night, and that he did not give up the check without finding the baggage. This evidence is further confirmed by the testimony of the driver Cavanagh, who says that he got the trunk on Tuesday morning, and when he got it he found that it had already been labeled by the express company, clearly showing that the trunk had been in the hands of the defendant long before Tuesday morning, and that the evidence of Green that it had been received on Saturday night was correct, and that that was probably the time at which the trunk reached the defendant.

It is further claimed that the court erred in refusing to charge that the burden of proof was upon the plaintiff to show the circumstances attending the transportation of the trunk from the Troy House to the station of the railroad company at Troy. It is perfectly clear that this exception is not well taken. The husband of the plaintiff checked the trunk at Troy. It was then in good order. When it was delivered at the plaintiff's house it was covered with dirt, muddy, the lock broken, the straps were hanging out, some of the compartments of the trunk had been taken out, and the trunk was almost empty. That this was not the condition of the trunk when it was received by the defendant is evidenced by the testimony of Cavanagh, the express man, who says in answer to the question: " Q. Was the trunk all covered with mud when you found it in the Grand Central Depot? A. It might be possibly soiled more or less from actual use or the like of that. Q. Was there any mud or dirt on it? A. I don't remember. Q. Were the straps broken? A. To the best of my knowledge, it is so long ago, I don't think there were any straps on it. Q. Was the lock broken? A. No, sir."

It is true that this witness swore that he delivered the trunk in the same condition that it was when he received it. But it is manifest from the testimony of the plaintiff and her witnesses that such was not the case. It appears from the evidence of the defendant's witness that there was nothing suspicious about the appearance of the trunk at the time it was received by the defendant; whereas it was in a dilapidated condition when it was delivered to the plaintiff.

The only other question which is not disposed of by the foregoing suggestions is as to the refusal to charge the request that " in no event can the plaintiff recover more than one hundred dollars." As a part of the plaintiff's case, in order to establish the receipt by the defendant of the trunk in question and to establish the contract of carriage, the plaintiff introduced a receipt which was signed by the agent of the defendant at the time of the delivery of the check, which contained a limitation of liability, by reason of negligence or otherwise, to an amount not exceeding $100. It is urged upon the part of the respondent that no error was committed in the refusal to charge this request; that this request was not relied upon

by the defendant upon the trial of the case, and that the defendant waived its rights, if it had any, under it. We fail to find any such waiver in the record. The receipt was introduced in evidence by the plaintiff; and the request to charge seems to have been duly made and duly excepted to. It is true that the court made charges to the jury which were inconsistent with this and other requests; and that no exceptions were taken to these portions of the charge. But there was an express exception taken to the refusal to charge the request in question which was contradictory to the propositions submitted to the jury. We understand that, under such circumstances, the defendant has a right to insist upon his point because of the refusal to charge, although he may not have excepted to the charge as made in so many words.

It is further urged that the request was too broad; that it was that "in no event can the plaintiff recover more than one hundred dollars;" and that this, if charged, would have prevented the jury from finding for the plaintiff if the loss was occasioned by the misfeasance of the defendant or its agents, which finding would be justified by the evidence, and conceding the existence of the contract the defendant was not exempted from liability for such loss by the terms of the contract. This, we think, is placing an erroneous construction upon the request in question. There was no attempt to recover against this defendant upon the ground of misfeasance, but simply because of a breach of its contract as carrier, the contents of the trunk of the plaintiff being lost through its negligence while in its custody. It was in view of this position of the plaintiff that this request was made; and its fair construction seems to be, and in view of the nature of the charge of the court was evidently understood to be, that no larger recovery could be had because of this contract. This case is presented in a different aspect from those cases in which it has been held that, without showing knowledge of the restriction, the contract would not be binding, because the plaintiff has introduced the contract herself, has endeavored to establish her case partially upon that contract, and cannot repudiate part of the contract and claim the benefit of other parts of it. Therefore, when the plaintiff introduced this contract for the purpose of establishing her case, she became liable to all the terms of

the contract, and the defendant was entitled to the benefit thereof. The suit appears to have been brought upon this contract and not in tort for a wrong committed.

In this state of the record, much as we regret so to do, because we think justice has been done by the verdict, we are compelled to reverse the judgment and the order denying motion for a new trial.

The judgment and order should be reversed and a new trial ordered, with costs to the appellant to abide the event.

Follett and Parker, JJ., concurred.

Judgment reversed, new trial ordered, costs to appellant to abide event.