## MILLS v. WEIR.

(Supreme Court, Appellate Division, Second Department. April 24, 1903.)

1. EXPRESS COMPANY—RECEIPT—CONTRACT..

Where, on receiving a trunk for transportation, an express company gives the owner a receipt therefor, containing in explicit terms an agreement to forward the trunk to the agency of the company nearest to destination only, and that the company may there deliver the trunk to another express company, and in such case the company to which the trunk is so delivered shall be regarded as the agent of the owner, and liable for damages or loss thereafter, such contract is binding on the shipper whether he reads the receipt or not.

2. SAME—DELIVERY TO ANOTHER CARRIER—LOSS—LIABILITY.

Where the express company carries the trunk to its agency nearest the destination, and there delivers it to a transfer company, which makes deliveries for the express company in the place of destination, the express company is not liable for the loss of the trunk by such transfer company.

Appeal from Municipal Court, Borough of Brooklyn, Fourth District.

Action by Frederick L. Mills against Levi C. Weir, as president of Adams Express Company. From a judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and HOOKER, JJ.

R. R. Rogers, for appellant.
Harold D. Watson, for respondent.

WILLARD BARTLETT, J. Upon the evidence in this case, I think that the defendant, instead of the plaintiff, was entitled to judgment. The plaintiff delivered a trunk to the defendant at a house in Liberty, N. Y., to be carried to Brooklyn, N. Y. At the time of such delivery he received from the defendant's agent a signed receipt, partly in writing and partly in print, the material portions of which are as follows:

"Adams Express Company.

"Liberty, N. Y., 9/2 1902.

"Received of owner TK.
"Marked F. L. Mills, Bklyn N. Y.
"Which it is mutually agreed is to be forwarded to our Agency nearest or most convenient to destination only, and there delivered to other parties to complete the transportation.
"It is a part of the consideration of this contract, and it is agreed, that the said Express Company Are Forwarders Only, and are not to be held liable or responsible for any loss or damage to said property while being conveyed by the Carriers to whom the same may be by said Express Company entrusted. * * * And if the same is entrusted or delivered to any other Express Company or Agent (which said Adams Express Company are hereby authorized to do), such company or person so selected shall be regarded exclusively as the agent of the shipper or owner, and as such, alone liable, and the Adams Express Company shall not be, in any event, responsible for the negligence or non-performance of any such company or person."

¶ 1. See Carriers, vol. 9, Cent. Dig. §§ 691, 693.

The trunk was brought by the defendant to the borough of Manhattan, and there delivered to the New York Transfer Company, which makes deliveries for the Adams Express Company in Brooklyn. It never reached its destination in the latter borough, and the plaintiff seeks in this suit to recover the value of its contents from the Adams Company.

The first question to be determined is whether the plaintiff was bound by the contents of the receipt. He accepted it· when he delivered the trunk to the Adams Express Company, and he does not testify that he did not read it. That it was his duty· to read it is apparent, at least so far as to ascertain what the Adams Express Company undertook to· do with reference to his trunk. Kirkland v. Dinsmore, 62 N. Y. 171, 179, 20 Am. Rep. 475. A perusal to that extent would have informed him that the limit of its undertaking was to forward the trunk to the agency of the Adams Express Company most convenient to the destination, and there deliver it to other parties to complete the transportation. Further examination would have shown him that by the acceptance of the receipt he authorized the transfer of the trunk to other express companies for this purpose. The case cited is authority for holding that he must be presumed to have assented to the terms contained in the receipt when he took it upon the delivery of the trunk. "The acceptance by the shipper," says Andrews, J., "on the delivery of goods for transportation to a carrier, of a receipt or bill of lading, signed by the carrier, expressing the terms and conditions upon which they are received and are to be carried, constitutes, in the absence of fraud or imposition, a contract controlling the rights of the parties;" citing Collender v. Dinsmore, 55 N. Y. 200, 14 Am. Rep. 224; Magnin v. Dinsmore, 56 N. Y. 168; Hinckley v. N. Y. C. & H. R. R. R. Co., Id. 429. And the party accepting the receipt cannot escape from the terms of the contract, under such circumstances, simply because he may negligently have omitted to read it, when the carrier has a right to infer his assent.

The case of Belger v. Dinsmore, 51 N. Y. 166, 10 Am. Rep. 575, was an action against the president of this same express company to recover the value of a trunk which never reached its destination. The receipt contained stipulations limiting the common-law liability of the company, and it was held that, in the absence of fraud, concealment, or other improper practice, the law would presume that such stipulations were known to the party accepting the receipt, and assented to by him.

The cases of Blossom v. Dodd, 43 N. Y. 264, 3 Am. Rep. 701, Madan v. Sherard, 73 N. Y. 329, 29 Am. Rep. 153, and Springer v. Westcott, 166 N. Y. 117, 59 N. E. 693, decide nothing in conflict with the views which I have expressed in reference to the effect of· the acceptance of the receipt in the case at bar. In the Blossom Case the paper was given to the plaintiff in exchange for his baggage checks in a train late at night, was illegible in the existing light, was unsigned in fact, and had no appearance of being a contract. As was said of these facts in Kirkland v. Dinsmore, supra:

"The circumstances in that case repelled the idea of a contract. The plaintiff received the card or ticket under circumstances indicating to him

that it was given merely for his convenience and protection to enable him to identify the baggage on delivery, and that he might know in whose possession it was."

In the Madan Case the circumstances under which the receipt was given were very similar. In the Springer Case the receipt was handed to the passenger folded up, and the express messenger did not tell her, nor did she know, what it contained. All three cases related to papers given in exchange for baggage checks to travelers in railway trains, and they go no further than to decide that the contents of such papers cannot be deemed binding upon the traveler, unless delivered to him under such circumstances as to constitute notice of their character. The distinction has often been pointed out between these baggage express cases and the shipment of articles by an ordinary express company, whose agreement of transportation is rarely oral, but almost invariably found in its receipt; and it is a distinction which renders the baggage express cases inapplicable as authorities to the facts of the case at bar.

Having reached the conclusion that the terms of the receipt were binding upon the plaintiff, and constitute the measure of the defendant's obligation to him, we have to inquire, in the second place, whether the defendant has fulfilled that obligation. The proof is that it has. It conveyed the plaintiff's trunk to the borough of Manhattan, and turned it over to another express company "to complete the transportation" to Brooklyn, as it was authorized to do by the language of the contract. Having done this, it had fully performed its agreement, and it has become discharged of all further liability to the plaintiff. It follows that the defendant is entitled to a reversal of the judgment and a new trial.

Judgment of the Municipal Court reversed, and new trial ordered; costs to abide the event. All concur.