ENGBERMAN v. NORTH GERMAN LLOYD S. S. CO.

(Supreme Court, Appellate Term. June 22, 1903.)

1. CARRIERS—RECEIPT FOR BAGGAGE—LIMITATION OF LIABILITY—UNFAIR ADVANTAGE.

Where an emigrant standing in line with about 40 other passengers, all of them being about to sail on a steamship, is handed by the agent of the carrier a receipt for her baggage bearing conditions in languages which she does not understand, a provision in such receipt limiting the liability of the carrier to $25 unless the value of the baggage in excess thereof be declared on the issue of the receipt or before delivery of baggage is not binding on the passenger.

Appeal from City Court of New York.

Action by Taube Engberman against the North German Lloyd Steamship Company. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and MacLEAN, JJ.

Shipman, Larocque & Choate, for appellant.
Samuel Rosenberg, for respondent.

MacLEAN, J.  Upon the trial of this action, brought to recover the value of the luggage of the plaintiff, delivered at Bremen to the defendant, a common carrier of passengers to New York, the plaintiff introduced in evidence a "gepackschein," or baggage receipt, given her the day before sailing in the defendant company's office, where, at the same time, was also her luggage.  The paper bore upon its face, on either side of the receipt proper, printed in German and in English, the words:

"It is also agreed that neither the ship owner, nor the passage broker or agent, nor the ship, is in any case liable for loss of or injury to or delay in delivery of luggage or personal effects of the passengers beyond the amount of twenty five dollars, unless the value of the same in excess of that sum be declared at or before the issue of this contract or at or before the delivery of said baggage to the ship, and freight at current rates for every kind of property is paid thereon.

"It is also agreed that all questions arising under this contract shall be decided according to German law."

On the back of the paper, too, was printed a similar statement in Bohemian, Polish, Slavonic, and Hungarian.  Against objection and exception, the plaintiff testified that when this receipt was given her there were about 40 other passengers with her, standing in a line; that nothing at all was said to her; that she did not know the contents of the paper, could not read English, or German, or Polish, or anything except Hebrew.  She said, too, of the articles in her bundle, and their value; that she made a claim right after her arrival, and was told that the missing package would arrive within a few days; and that the only thing offered her was a parcel, three months later, and which did not contain what she had lost.  None of these were contradicted by the witnesses for the defendant, the chief contention of whose counsel was that the receipt contained an agreement limiting the company's liability for loss to the sum of $25; and, further, that as the plaintiff had introduced the paper in evidence to establish her case, she could not gainsay its contents, nor introduce evidence to vary its import, and that she became liable to all of its terms, to the benefit of which, also, the defendant was entitled.

This is the doctrine enunciated on the first appeal in Springer v. Westcott, 78 Hun, 365, 29 N. Y. Supp. 149, cited by the appellant, and is couched in almost the very words of the opinion therein.  It is not mentioned in the brief, however, that on the fourth trial of that vicissitudinous cause a learned justice charged the jury that if they found, from all the circumstances, that the plaintiff did not know the paper writing in question was proffered as a contract, and received it not knowing its contents, and was satisfied that it was given her simply to enable her to trace her property, or as a mere receipt, then the plaintiff was not bound by its limitations, and they might, if they found she was entitled to recover, render a verdict in her favor for the value of the goods found to be lost; and that the court of last resort approved this statement of the law as all that the defendant could require, in which ruling concurred all the judges sitting, thereamong the learned chief justice, who had also concurred in the opinion delivered upon the first appeal.  166 N. Y. 117, 123, 59 N. E. 693. There was little semblance of a contract in the transaction with the

emigrant trudging past the agent en quete, and receiving without warning or advice the paper, which she was unable to understand, even if she had an opportunity—as she then had none—and which she took as a token through which she might have again her effects at the end of her journey in the strange land beyond the seas. The doctrine set up by the appellant is not the law of this forum, nor is it the law of the land she was leaving, where, under care called paternal the carrier may limit its liability only by observance of precautionary measures duly brought home to the passeng~r, and where an attempt at one-sided restriction of the responsibility would be bootless. Proper enough it may be and is for parties upon an even footing to stipulate about the value of their property and their risks for its transportation; but the traveler should have something to say about it, and cannot be bound by a bargain in which he has no voice. "The carrier must deal with the party upon terms of equality, and, if he desire to limit his liability, h~ must secure the consent of those with whom he transacts his business."

Judgment affirmed, with costs. All concur.