(59 Misc. Rep. 416.)

### WRIGHT v. FARGO.

(City Court of New York, Special Term.   May, 1908.)

1. PRINCIPAL AND AGENT—AUTHORITY OF AGENT.

Where an express company was requested by plaintiff to transport a trunk from her residence, and plaintiff's maid was given authority to deliver the trunk, she had power to stipulate the terms of the contract.

2. CARRIERS—EXPRESS COMPANY—LIMITING LIABILITY.

At the time of the delivery of a trunk to an express company it left a receipt with plaintiff's maid, limiting defendant's liability for loss of the trunk to $50. Plaintiff sued for nondelivery of the trunk, and did not offer the receipt in evidence, nor claim under it. *Held*, that proof by defendant of the receipt, without advice as to its nature or proof of an opportunity to inspect the paper by one capable of understanding it, did not establish a contract limiting defendant's liability to $50.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 9, Carriers, §§ 691–696.]

Action by Bertha Wright against James C. Fargo, as president of the American Express Company. Verdict for plaintiff. Motion for new trial, and to set aside verdict, denied.

John C. Toole, for plaintiff.
Joseph W. Welsh, for defendant.

SCHMUCK, J.   The failure of the jury to limit the verdict to $50, defendant contends, casts grave doubt upon the validity of their determination of this issue. It is submitted that upon the evidence the defendant cannot be charged with a greater liability for the loss or failure to deliver the plaintiff's trunk than $50; defendant maintaining that the receipt left with the plaintiff's maid must, under the circumstances, be construed as controlling and defining the rights of the plaintiff and defendant, and as limiting the liability of the defendant to $50.

The uncontradicted testimony indicates that plaintiff requested defendant to transport her trunk from her residence in the city of Saratoga, that in compliance with that request defendant called at plaintiff's residence and received the trunk from plaintiff's maid, and that the trunk was never delivered. Defendant submits that, inasmuch as a receipt was left with the plaintiff's maid wherein was incorporated a limitation of defendant's liability for the loss or failure to deliver, the rights of the parties are controlled by the said receipt or contract, and in consequence the verdict should be reduced to $50 or set aside. The plaintiff, however, denies the soundness of such contention, and

asserts that, as plaintiff has based her claim upon the common-law liability of the carrier, and not upon the relation created by the receipt the verdict of the jury should be sustained.

We are thus brought to the consideration of the questions: First. Was the maid who received the receipt empowered to bind the plaintiff? Second. Were the circumstances under which the receipt was delivered sufficient to warrant assuming, as a matter of law, the existence of the necessary aggregatio mentium?

As to the first question, no difficulty need be experienced, as the answer is readily discovered in Addoms v. Weir, 56 Misc. Rep. 487, 108 N. Y. Supp. 146, where it is held that the authority to deliver carried with it the power to stipulate the terms of the contract, unless the contrary is brought expressly to the knowledge of the carrier.

We are now brought to the consideration of the second question, whether the circumstances did not, as a matter of law, justify the contention of the defendant that a verdict should have been directed for plaintiff for $50. Had the plaintiff introduced the receipt wherein the limitation of defendant's liability is incorporated, the contention that it was error to submit to the jury as a question of fact the question whether or not the receipt was the contract beween the parties would be irresistible, as the plaintiff would have been bound by the stipulation therein contained. Springer v. Westcott, 78 Hun, 365, 29 N. Y. Supp. 149; Bernstein v. Weir, 40 Misc. Rep. 635, 83 N. Y. Supp. 48. But plaintiff refused to recognize the receipt as controlling, and denied that she predicated her cause upon any other ground than the common-law liability of the defendant. To have deprived the jury of dominion to pass upon this question, and to arbitrarily declare the mere delivery of the receipt as creating a contract, would be a total destruction of the proud boast that the law is based on common sense. Mere delivery, without warning or advice of the nature of the paper, unless a reasonable opportunity be afforded to inspect the paper by one capable of understanding its contents, creates little semblance of a contract. Engberman v. North German Lloyd SS. Co. (Sup.) 84 N. Y. Supp. 201.

Whether a reasonable opportunity has been afforded the authorized representative of the plaintiff to inspect the receipt is a question of fact, which the jury resolved in plaintiff's favor; and no reason appears, after a careful inspection of the testimony of the maid, Maggie Hagan, and the defendant's servant, Christian Enders, warranting a setting aside of their resolution of the question. The case at bar is clearly distinguishable from the Addoms Case, in that the plaintiff does not endeavor to support her action by the receipt. It would be a hardship and injustice to extend the doctrine that the receipt is controlling to the class to which the case at bar belongs.

Motion to set aside verdict, and for a new trial, denied.

Motion denied.