## JONASSON v. WEIR.

(Supreme Court, Appellate Division, First Department. February 11, 1909.)

1. CARRIERS (§ 155*)—EXPRESS COMPANIES—LIMITATION OF LIABILITY.

A shipper accepting an express receipt, reciting that, in consideration of the rate charged, the shipper agreed that the value of the property was not more than, and the company's liability should be limited to, $50, unless a greater value was declared, assents to the limitation of liability.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 692; Dec. Dig. § 155.*]

2. ESTOPPEL (§ 67*)—EQUITABLE ESTOPPEL—GROUNDS.

A party having introduced a written contract as a part of his case, and relied upon it to sustain a recovery, cannot thus claim the benefit of the contract and at the same time repudiate a part of it.

[Ed. Note.—For other cases, see Estoppel, Cent. Dig. §§ 163, 164; Dec. Dig. § 67.*]

3. EVIDENCE (§ 408*)—PAROL EVIDENCE AFFECTING WRITING—EXPRESS RECEIPTS.

Parol evidence as to the value of the goods expressed, or as to conversations between the shipper's clerk and the express company's driver, was inadmissible to vary the receipt accepted, limiting the company's liability to $50, unless a greater value was stated in the receipt by the

shipper, especially where the shipper had himself filled out the receipt, and omitted to mention any value.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 1841; Dec. Dig. § 408.*]

4. TRIAL (§ 252*)—INSTRUCTIONS NOT SUPPORTED BY EVIDENCE.

It is error to charge on a material point which there is no evidence to support.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 596; Dec. Dig. § 252.*]

Appeal from Trial Term, New York County.

Action by Joseph Jonasson against Levi C. Weir, as president of the Adams Express Company. From a judgment for plaintiff and an order denying a new trial, defendant appeals. Reversed and a new trial granted, unless plaintiff stipulate to reduce the recovery, in which event the judgment, as so modified, affirmed.

Argued before PATTERSON, P. J., and McLAUGHLIN, LAUGHLIN, HOUGHTON, and SCOTT, JJ.

Kenneth B. Halstead, for appellant.

I. Gainsbury, for respondent.

SCOTT, J. This appeal presents the familiar case of an attempt of a shipper to recover the full value of goods delivered to an express company and lost by it, where the contract of shipment contains a clause limiting liability unless the value is stated in the express receipt, and no value is so expressed. There is no dispute that on November 15 and 19, 1906, the plaintiffs delivered to a driver of defendant 11 packages properly packed and addressed of the aggregate value of $1,497.63, and that none of these packages were delivered or tendered to or received by the consignees to whom they were addressed. There was no evidence of gross negligence or willful wrongdoing on the part of defendant, nor indeed any evidence as to how or why the packages were lost.

The defendant conceded its liability, questioning only the amount. The express receipts which constitute the contract of shipment, and were introduced in evidence by the plaintiff, were contained in a book of similar receipts kept by plaintiff, whose clerk filled them out, presenting them to defendants' driver for signature, retaining them after they were signed. Each of these receipts was upon an identical printed form, upon which was legibly and conspicuously printed the following clause:

"In consideration of the rate charged for carrying said property, which is regulated by the value thereof and is based upon a valuation of not exceeding fifty dollars unless a greater value is declared, the shipper agrees that the value of said property is not more than fifty dollars unless a greater value is stated herein, and the company shall not be liable in any event for more than the value so stated, nor for more than fifty dollars if no value is stated herein."

It is well established and perfectly clear that the plaintiffs by accepting this receipt as evidence of the defendants' obligation and liability gave their assent to it and its terms and conditions, and it there-

by became operative and effectual as the contract between the parties (Belger v. Dinsmore, 51 N. Y. 169, 10 Am. Rep. 575), and the plaintiffs, having introduced the contract as part of their case, and relied upon it to sustain a recovery, are bound by its terms, and cannot claim the benefit of the contract, and at the same time repudiate a part of its terms (Springer v. Westcott, 78 Hun, 365, 29 N. Y. Supp. 149; Bates v. Weir, 121 App. Div. 275, 105 N. Y. Supp. 785). Parol evidence as to the value of the goods, or as to conversation between plaintiff's clerk and defendants' driver, was inadmissible to vary the written contract. By the terms of the contract the defendant's liability was limited unless a greater value than $50 was stated in the receipt, and if not embodied in the receipt it is wholly immaterial whether or not it was stated orally to the driver, especially as the plaintiffs had themselves filled out the receipt to suit themselves and had omitted to mention any value. It was therefore error to so submit the case as to allow a greater recovery than that provided for in the contract. The defendant, by numerous objections and exceptions, raised the question. It was also error to charge at the plaintiff's request that "it is for the jury to determine upon all the evidence as to whether the plaintiff proved some affirmative act of wrongdoing upon the part of defendant with reference to the loss of the merchandise." There was no evidence whatever upon which such a finding could be predicated, and the charge amounted to an intimation to the jury that they might make a finding upon a material point without evidence to sustain it.

The judgment must be reversed and a new trial granted, with costs to the appellant, unless the plaintiff shall stipulate to reduce the recovery to $394.80, with interest from November 15, 1906, to February 27, 1907, in which case the judgment as so modified will be affirmed, without costs. All concur.