(78 Misc. Rep. 371.)

### BRAUS v. MANHATTAN DELIVERY CO.

(Supreme Court, Appellate Term, First Department. December 6, 1912.)

CARRIERS (§ 155\*)—CARRIAGE OF GOODS—VALUATION—CONTRACTS.

    A customer of an express company, having a book of blank receipts stipulating that the carriage rate was regulated by the value of the property, and was based on a valuation not exceeding $50, unless a greater value was declared, made out a receipt ready for the company's signature. A driver of the company signed the receipt and took up the package, and was leaving the store when the shipping clerk asked him to wait until the value of the package could be given him, but the driver called out "Never mind;" that he was in a hurry. The customer never tendered the receipt back to the company, but retained it without objection. *Held*, that the customer accepted the receipt as given, and his subsequent silence was a waiver of a right to repudiate the receipt; and he could not recover more than $50.

    [Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 677, 679, 682–685, 691–696; Dec. Dig. § 155.\*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Arthur L. Braus against the Manhattan Delivery Company. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued November term, 1912, before LEHMAN, PAGE, and HOTCHKISS, JJ.

Edward V. Conwell and Robert E. Palmer, both of New York City, for appellant.

Edward A. Isaacs, of New York City, for respondent.

HOTCHKISS, J. The plaintiff was a customer of defendant, an express company, which had provided plaintiff with a book of printed blank receipts, which receipts plaintiff had customarily used when ship-

ping goods by defendant. These receipts contained a clause in substantially the form commonly found in receipts issued by express companies, by which it was agreed that the carriage rate was to be regulated by the value of the property, and was based, in the particular instance, upon a valuation of not exceeding $50, unless a greater value was declared; that the value of the property was not more than $50, unless a greater value was stated in the receipt; and that the company should not be liable for more than $50 if no value was stated therein.

The plaintiff recovered a judgment in the court below for $129 for a shipment made under the following circumstances: The driver of one of defendant's conveyances came into the plaintiff's store late in the afternoon, while plaintiff's shipping clerk was occupied in the rear of the store. The package in question was lying on a table with one of the receipts in the book, made out ready for defendant's signature. As the shipping clerk was approaching the driver, the latter hurriedly signed the receipt, took up the package, and was rapidly going out of the door with it when he was hailed by the shipping clerk, who asked him to wait until he (the clerk) could figure up and give him the value of the package, but the driver, continuing on his way, called out to the shipping clerk "Never mind;" that he was in a hurry and could not wait.

There is no proof that plaintiff ever tendered the receipt back to the defendant, or that before this action was brought he ever said or did anything in repudiation of the receipt, which he thus retained without objection, and which he offered in evidence on the trial. There was no evidence to show how the package was lost.

We think these facts justify the conclusion that plaintiff accepted the receipt in the form in which it was given; and this his subsequent silence was a waiver of whatever occurred at the time of delivery, and which might have justified his repudiation of the receipt, had he chosen to repudiate it. In this view Shwartz v. Fargo, 145 App. Div. 574, 129 N. Y. Supp. 926, has no application, and the case falls within Jonasson v. Weir, 130 App. Div. 528, 115 N. Y. Supp. 6, and Bates v. Weir, 121 App. Div. 275, 105 N. Y. Supp. 785.

Judgment reversed and a new trial ordered, with costs to appellant to abide the event. All concur.