#### RUDOLPH WURLITZER CO. v. BARRETT.

(Supreme Court, Appellate Term, First Department. June 28, 1915.)

1. COURTS ⬅189 — MUNICIPAL COURT — PROCEDURE — DAMAGE TO GOODS — PLEADING—LIMITATION.

In an action in the Municipal Court of New York City for damage to an express shipment, where the pleadings were oral and defendant pleaded "General denial and special contract," a provision in the contract requiring an action for damages to be commenced within one year may be relied on.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 409, 412, 413, 429, 458; Dec. Dig. ⬅189.]

2. CARRIERS ⬅162—DAMAGES TO GOODS—ACTIONS—LIMITATION BY CONTRACT.

In an action for damages to an express shipment, where the shipper introduced the express receipt in evidence, the company is entitled to the benefit of the provision therein limiting the time for commencing an action, though it did not especially plead it.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 720, 721; Dec. Dig. ⬅162.]

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by the Rudolph Wurlitzer Company against William M. Barrett, as president of the Adams Express Company. Judgment for plaintiff, and defendant appeals. Reversed, and complaint dismissed.

Argued June term, 1915, before GUY, BIJUR, and PAGE, JJ.

Edward V. Conwell and George W. Smyth, both of New York City for appellant.

Kramer & Bourke, of New York City (J. J. Kramer and J. P. Bourke, both of New York City, of counsel), for respondent.

GUY, J. The plaintiff has recovered damages herein for injuries to its motor, shipped by the Picturedome Company through the defendant to plaintiff's place of business in New York City. The defendant tendered the motor at the plaintiff's store on November 26, 1913, but the plaintiff refused to take it, because, as plaintiff claims, it was damaged while in the custody of the defendant.

The express receipt, which is the contract of shipment and was put in evidence by the plaintiff, provides that the defendant shall not be liable in any suit to recover for loss or damage unless the action shall

be commenced within one year after such loss or damage. This action was not begun until February 9, 1915, more than a year after the damage to the motor.

[1, 2] Respondent contends that, as the limitation referred to was not pleaded, it cannot be availed of by the appellant. The pleadings were oral, and the defendant pleaded "General denial and special contract." Moreover, plaintiff, having offered the receipt in evidence, was bound by its terms, and defendant was entitled to the benefit thereof. Burke v. Erie R. R., 134 App. Div. 413, 119 N. Y. Supp. 309; Jonasson v. Weir, 130 App. Div. 528, 115 N. Y. Supp. 6.

Judgment reversed, with costs, and complaint dismissed, with costs. All concur.