"When the evidence was adduced, it developed that the real case was not controlled by the state statute, but by the federal statute. In short, the case pleaded was not proved, and the case proved was not pleaded. In that situation the defendant interposed the objection, grounded on the federal statute, that the plaintiffs were not entitled to recover on the case proved. We think the objection was interposed in due time, and that the state courts erred in overruling it."

[5] I think that it is our duty to follow the decision of the federal court in thus dealing with a federal question, and that therefore we should hold that the learned trial justice erred in his several rulings above recited, refusing to apply the test of the federal statute.

I recommend, therefore, that the judgment and order be reversed, and a new trial granted; costs to abide the event. All concur.

(95 Misc. Rep. 591)

## LICHTERMAN v. BARRETT.

(Supreme Court, Appellate Term, First Department.   June 29, 1916.)

1. CARRIERS ⬳153—CARRIAGE OF GOODS—LIMITATION OF LIABILITY—PRESENTATION AND ACCEPTANCE OF RECEIPT.
   A common carrier of goods may properly contract to restrict its liability by appropriate provision covering the due value of goods accepted for transportation, and the presentation by the carrier and acceptance by the shipper of a receipt containing in appropriate type and language the expression of such limitation establishes a contract between the parties, whether or not the shipper chooses to read it.

   [Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 687–690; Dec. Dig. ⬳153.]

2. CARRIERS ⬳405(2)—CARRIAGE OF GOODS—LIMITATION OF LIABILITY—ACCEPTANCE OF RECEIPT.
   Where a carrier's receipt for baggage is given to a person actually traveling under circumstances which do not warrant the presumption that he will read it, but implying rather that he accepts it as a mere voucher or token for the article delivered by the carrier, the mere acceptance of the receipt, containing an appropriate limitation of the carrier's liability, does not establish a contract.

   [Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1545–1547; Dec. Dig. ⬳405(2).]

3. TRIAL ⬳54(1)—EVIDENCE—LIMITATION TO PARTICULAR PURPOSE.
   In an action against a carrier for delay in delivering a trunk, the receipt issued by the carrier, having been put in evidence by plaintiff to prove delivery of the trunk to the carrier, was in the case for all legitimate purposes.

   [Ed. Note.—For other cases, see Trial, Cent. Dig. § 126; Dec. Dig. ⬳54(1).]

   Guy, J., dissenting.

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Belle Lichterman against William M. Barrett, as President of the Adams Express Company. From a judgment for plaintiff,

defendant appeals. Judgment modified, by reducing it, and, as modified, affirmed.

Argued June term, 1916, before GUY, BIJUR, and PHILBIN, JJ.

Edward V. Conwell and George W. Smyth, both of New York City, of counsel, for appellant.

Feiner & Maass, of New York City (David R. Bernstein, of New York City, of counsel), for respondent.

BIJUR, J. The plaintiff delivered for transportation within this state a trunk, which was called for at her home in this city and directed to Roscoe, N. Y., where plaintiff was about to go. Through a delay of over two months in delivery, plaintiff pleaded, and I think sufficiently proved, the amount of damage to the trunk and its contents for which the judgment was awarded, thus eliminating in substance the errors for which a previous judgment in her favor was reversed. 157 N. Y. Supp. 882. No value of the trunk was declared by the shipper.

[1] The only question on this appeal is as to the effect of the receipt given by defendant's driver, upon which was printed in large type:

"Company will pay not over $50 in case of loss or 50 cents per pound on shipments in excess of one hundred pounds unless greater value is declared and higher rates paid."

A detailed clause elaborating this provision is printed in smaller type on the lower half of the receipt. Plaintiff did not read the receipt. Since the decision in Blossom v. Dodd, 43 N. Y. 264, 3 Am. Rep. 701, examined in Belger v. Dinsmore, 51 N. Y. 166, 10 Am. Rep. 575, and followed by a long line of cases to the same effect, it is well settled in this state that a carrier may properly contract to restrict his liability by appropriate provision covering the due valuation of goods accepted for transportation, and that the presentation by the carrier and acceptance by the shipper of a receipt containing in appropriate type and language the expression of such limitation establishes a contract between the parties regardless of whether the shipper chooses to read it or not. Braus v. Manhattan Delivery Co., 78 Misc. Rep. 371, 138 N. Y. Supp. 324; Shwartz v. Fargo, 145 App. Div. 574, 129 N. Y. Supp. 926.

[2] A careful distinction has been drawn, however, between such cases and those in which a receipt is given to a person actually traveling under circumstances which do not warrant the presumption that he will read the same, but imply rather that he accepts it as a mere voucher or token for the article delivered to the carrier. Mills v. Weir, 82 App. Div. 396, 81 N. Y. Supp. 801; Madan v. Sherard, 73 N. Y. 329, 29 Am. Rep. 153; Grossman v. Dodd, 63 Hun, 324, 17 N. Y. Supp. 855, affirmed on opinion below, 137 N. Y. 599, 33 N. E. 642. See, also, Zimmer v. N. Y. C. & H. R. R. Co., 137 N. Y. 460, 33 N. E. 642; Healy v. N. Y. C. & H. R. R. Co., 153 App. Div. 516, 138 N. Y. Supp. 287, affirmed 210 N. Y. 646, 105 N. E. 1086. It seems to me to be plain that in the case at bar the plaintiff was not a traveler in the sense or under the circumstances intended by the last

cited cases, and that she must be held to have assented to the contract tendered by the defendant.

[3] She urges, among other contentions, that the receipt is not in evidence for general purposes. This claim arises out of a colloquy between the court and both counsel, in which defendant's counsel remarked:

"I don't want to be understood as conceding anything unless the receipt is put in evidence. * * *

"Plaintiff's Counsel: I will put this receipt in only for the purpose of showing delivery of the trunk to defendant and for no other purpose.

"The Court: Mark it in evidence.

"Defendant's Counsel: If it is received in evidence, your honor will not restrict its probative force."

While no doubt evidence may be limited to a particular purpose in an appropriate case (Deutschmann v. Third Ave. R. R. Co., 87 App. Div. 508, 84 N. Y. Supp. 887), a party cannot insist on putting in evidence a written instrument, and relying upon a part thereof only, while excluding from evidence other essential parts upon which the other party desires to rest. The receipt, having been put in evidence by plaintiff to prove delivery of the trunk, was in the case for all legitimate purposes. Springer v. Westcott, 78 Hun, 365, 29 N. Y. Supp. 149, affirmed 166 N. Y. 117, 59 N. E. 693; Jonasson v. Weir, 130 App. Div. 528, 115 N. Y. Supp. 6; Cohen v. Morris, etc., Exp. Co., 151 App. Div. 672, 136 N. Y. Supp. 489.

It follows, therefore, that the judgment must be modified, by reducing the same to $50, with appropriate costs, and, as so modified, affirmed, without costs of this appeal.

PHILBIN, J., concurs.

GUY, J. (dissenting). I am unable to concur in the conclusion reached by my learned colleagues herein. The evidence in my judgment fails to show the making of an express contract between plaintiff and defendant as to a limitation of value, but merely proves the giving and taking of a receipt coincident with the delivery of the trunk by plaintiff's agent, her daughter, to defendant's agent; no opportunity being afforded plaintiff's agent to acquaint herself with the contents of the receipt given for the trunk.

In Grossman v. Dodd, 63 Hun, 324, 17 N. Y. Supp. 855, affirmed 137 N. Y. 599, 33 N. E. 642, it was held that the shipper was not bound by a similar provision in a receipt given by defendant's agent to plaintiff upon an open pier, where there was full opportunity given to examine the contents of the receipt; the court holding that the evidence was insufficient to establish, either actually or presumptively, notice of the contents of the receipt and assent thereto.

In Madan v. Sherard, Jr., 73 N. Y. 329, 29 Am. Rep. 153, it was held that, a traveler having delivered his baggage to a local express company, and receiving a paper which, from the circumstances of the transaction, he had a right to regard simply as a receipt or voucher, to enable him to follow and identify his property, and no notice was given to him that it embodied the terms of a special contract, or was

intended to subserve any other purpose than as a voucher, he was not, as matter of law, bound by its terms.

I can see no distinction of principle between the case at bar and the two cases cited. It cannot be seriously contended that our appellate court, in deciding the cases above cited, intended, as intimated in the majority opinion herein, to create a special privileged class of persons, known as travelers, who would be exempt from the provisions of a special contract into which they had entered, but rather to lay down the rule that, whether travelers or not, whether actually en route, or at the end of a journey, or on the point of starting upon a journey, or even not engaged in traveling, a person delivering personal property to another for shipment, and receiving a receipt or voucher therefor under circumstances which preclude presumption of knowledge of the contents of the receipt or assent thereto, is not bound by a special limitation of value clause inserted in the receipt by the carrier, without notice to the shipper.

In Greenwald v. Barrett, 199 N. Y. 170, 92 N. E. 218, 35 L. R. A. (N. S.) 971, the Court of Appeals, in the learned opinion written by Justice Bartlett, emphasizes very specifically the fact that the evidence therein showed that plaintiffs had had similar transactions with defendant during a course of years and had in their custody a book of blank receipts; that they made the entries in the blanks themselves and prepared the receipt for signature by the express company's driver when he called to take the goods, and therefore "must be charged with a knowledge of its contents, in the absence of any proof whatever that they were not acquainted therewith."

In Madan v. Sherard, supra, the court also held that the question whether, in a particular case, the party receiving a receipt accepted it with notice of its contents, or with notice that it contained the terms of a special contract, so as to require him to acquaint himself with its contents, or merely delivered a trunk, taking a receipt or voucher therefor, is one of evidence to be determined by the jury. In the case at bar there is no evidence making plaintiff chargeable with implied knowledge, but positive evidence that no opportunity was given to gain such knowledge. On this uncontradicted evidence the trial judge, acting as a jury, properly determined this question of fact in favor of plaintiff.

The judgment should be affirmed, with costs.