BRUCE GLEN, INC., Respondent, *v.* EMERY AIR FREIGHT CORPORATION, Appellant.

First Department, November 30, 1965.

*John L. Conners* of counsel (*Bigham, Englar, Jones & Houston,* attorneys), for appellant.

*Harvey J. Fried* of counsel (*Seymour J. Kehlmann* with him on the brief; *Blum, Haimoff, Gersen & Szabad,* attorneys), for respondent.

*Per Curiam.* This is an appeal from an order entered April 16, 1965 which denied the defendant's motion for summary judgment in favor of the plaintiff with liability limited to the sum of $500.

On or about July 13, 1963 plaintiff and defendant entered into an agreement of carriage whereby defendant, a common carrier,

undertook to transport certain goods belonging to plaintiff from New York to California. The air bill, which is signed by the shipper, carried on its face a declared value of $500. Additionally, and as a part of the air bill, it was specifically provided that the goods accepted for transportation were subject to governing rules, classifications and tariffs in effect as of that date which were filed in accordance with law. Such rules, classifications and tariffs, copies of which were available for inspection, were incorporated into and made a part of the contract. "When a carrier files its rates * * * the tariffs become a part of the contract of carriage as if they (the tariffs) were part of the contract" and are binding upon persons who are parties to such contract (*New York & Honduras Rosario Min. Co.* v. *Riddle Airlines*, 3 A D 2d 457, 462). It is not disputed that the goods, apparently consisting of sportswear, were lost in transit and never delivered. Plaintiff brought suit against the defendant seeking damages for the loss. In its first cause of action plaintiff claims breach of contract for which it seeks to recover $12,000 damages. In the second cause, based upon negligence, plaintiff seeks consequential damages which includes the cost of the replacement of the lost goods and loss of commissions on sales because of delayed delivery of the goods. Plaintiff claimed that it had no choice or the opportunity to declare a higher value than the $500; that no alternative was afforded it. The alleged conversation which plaintiff recites as the basis for such denial of choice does not support its contention. Moreover, the air bill specifically refers to the tariff rates and such tariffs bind the carrier and the shipper who is presumed to have knowledge of its provisions (7 N. Y. Jur., Carriers, § 209). In this case there appears to have been no known deviation from the filed tariff rate as in the *Rosario* and *Grace* cases (*New York & Honduras Rosario Min. Co.* v. *Riddle Airlines, supra,* affd. 4 N Y 2d 755; *Grace & Co.* v. *Railway Express Agency,* 9 A D 2d 425, affd. 8 N Y 2d 103). The plaintiff sued on the contract and the air bill, signed by the shipper, carried a declared value of $500. Parol evidence would be inadmissible to vary the written contract. The shipper is at once seeking to enforce the contract and at the same time repudiate some of its terms. This it cannot do (*Jonasson* v. *Weir,* 130 App. Div. 528; *Burke* v. *Erie R. R. Co.,* 134 App. Div. 413; 7 N. Y. Jur., Carriers, §§ 203, 206, 210).

The order appealed from should be reversed on the law, defendant's motion granted, and judgment directed to be entered for plaintiff, with recovery limited to $500, with costs and disbursements of this appeal to appellant.

Rabin, J. P., Valente, Stevens, Steuer and Staley, JJ., concur.

Order, entered on April 16, 1965, unanimously reversed on the law, with $30 costs and disbursements of this appeal to appellant, and defendant's motion for summary judgment granted, with $10 costs, and judgment is directed to be entered for plaintiff, with recovery limited to $500. Settle order on notice.